**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**SANDRA GILMORE** **PLAINTIFF**

**V.** **NO. 4:26-CV-161-DMB-JMV**

**REFUEL OPERATING COMPANY, LLC; and JOHN DOES 1-10** **DEFENDANTS**

# <u>ORDER</u>

On April 16, 2026, Sandra Gilmore filed a complaint in the County Court of Coahoma County, Mississippi, against Refuel Operating Company, LLC, and John Does 1-10, asserting negligence, premises liability, and gross negligence claims based on allegations that she slipped and fell due to a slippery substance on the floor at a Double Quick convenience store owned by Refuel. Doc. #2. On such allegations, Gilmore seeks an unspecified amount for "[p]ast, present, and future pain and suffering;" "[p]ast, present, and future medical expenses;" "[p]ast, present, and future loss of enjoyment of life;" "[p]ast, present and future mental and emotional pain and suffering;" "[p]ast, present and future economic losses, including, not limited to, lost wages and lost earning capacity;" "[p]ermanent physical restrictions, limitations, and/or disability;" "[a]ttorney's fees;" "[p]unitive damages;" "[p]re-judgment interest;" "[p]ost-judgment interest;" "[a]ll costs of court;" and "[o]ther damages allowed by Mississippi law." *Id.* at 7.

Refuel removed the case to the United States District Court for the Northern District of Mississippi on August 26.[1] Doc. #1. Asserting diversity jurisdiction, Refuel alleges in its notice of removal that Gilmore is "an adult resident of … Mississippi;" its "sole member … is FR Refuel, LLC;" and "the allegations [in the complaint] proved by a preponderance of the evidence that the

---

[1] Refuel filed its answer and affirmative defenses on September 2. Doc. #5.

combination of the alleged compensatory and punitive damages in this case demonstrates that [Gilmore] seeks an amount well in excess of $75,000." *Id.* at 2, 3.

Two days later, United States Magistrate Judge Jane M. Virden issued an "Order to Show Cause" giving Refuel until "September 9, 2026, to amend its Notice of Removal to properly state a factual basis for federal jurisdiction in this Court." Doc. #3 at PageID 27–28 (internal citation omitted). Judge Virden explained that Refuel's removal notice "does not adequately identify the citizenship of the parties" since it alleges only Gilmore's residency and not her citizenship; fails to "allege the name and state of citizenship of each member of FR Refuel, LLC;" and "does not set forth *facts* from which the Court can conclude that the claims are likely to exceed $75,000." *Id.* at PageID 26–27.

Refuel responded to the show cause order on September 9, stating that "despite diligent search and inquiry efforts, [it] is not yet in possession of presentable documentation evidencing … the identities and citizenship of [FR Refuel, LLC's] members;" "[o]ther than the facts and damages as alleged in [Gilmore]'s Complaint, [it], at this time, does not have confirmation that [Gilmore]'s alleged damages *plus* her punitive damages claim exceed $75,000.00 exclusive of interest and costs;" and "[it] intends to conduct jurisdictional discovery regarding the amount in controversy as well as obtain membership information for [FR Refuel, LLC] to support a subsequent removal attempt."[2] Doc. #6 at 1, 2.

Given Refuel's admitted inability to demonstrate diversity jurisdiction now[3] and the

---

[2] Refuel "understands that this Court will likely remand this action and [it], after conducting jurisdictional discovery as to the amount in controversy and upon obtaining member information for [FR Refuel, LLC], will subsequently seek removal of this action should the criteria for diversity of citizenship between the parties and the amount in controversy be met." Doc. #6 at 2.

[3] *See Cadence Bank v. Johnson*, 160 F.4th 197, 202 (5th Cir. 2025) (diversity jurisdiction "depend[s] on 'the state of facts that existed at the time of filing'") (quoting *Grupo Dataflux v. Atlas Glob. Grp.*, 541 U.S. 567, 571 (2004)); *Ashford v. Aeroframe Servs., L.L.C.*, 96 F.4th 783, 790 (5th Cir. 2024) ("[F]ederal diversity-of-citizenship jurisdiction 'depends upon the state of things at the time of the action brought.'") (quoting *Ashford v. Aeroframe Servs., L.L.C.*,

uncertainty of whether it can do so at all,[4] this case is **REMANDED** to the County Court of Coahoma County, Mississippi.

**SO ORDERED**, this 11th day of September, 2026.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**

907 F.3d 385, 386 (5th Cir. 2018)), *cert. denied sub nom. Ashford v. Aviation Tech. Servs., Inc.*, 145 S. Ct. 1047, 220 (2025).

[4] *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (per curiam) ("Any 'doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.'") (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), *cert. denied*, 530 U.S. 1229 (2000)).